

**FILED**

**January 4, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 1:35 P.M.**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Ronald Pool | ) | Docket No. 2015-06-0510 |
| | ) | |
| v. | ) | |
| | ) | State File No. 48782-2015 |
| Jarmon D&Q Transport | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Vacated and Remanded – Filed January 4, 2016

---

In this interlocutory appeal, the employee alleges he suffered an occupational disease as a result of exposure to mold in his employment as a shuttle van driver. The employer denied the claim, asserting that the employee failed to give timely notice of his alleged condition and that the employee's condition did not arise primarily out of the employment. Following an expedited hearing, the trial court concluded that the employee presented sufficient evidence from which the court determined he would likely prevail at a hearing on the merits with respect to the notice issue. Thus, the trial court ordered the employer to authorize medical treatment by a specialist for the purpose of obtaining a causation opinion. The employer has appealed. Because neither the parties nor the trial court addressed the statutory notice requirements applicable to a claim for benefits resulting from an occupational disease, we vacate the trial court's order and remand the case for the trial court's consideration of the applicable statutory notice requirements.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Duane Willis, Nashville, Tennessee, for the employer-appellant, Jarmon D&Q Transport

Ronald Pool, Clarksville, Tennessee, pro se

1

**Factual and Procedural Background**

Ronald Pool ("Employee") is a forty-seven-year-old resident of Montgomery County, Tennessee, who began working as a shuttle van driver with Jarmon D&Q Transport ("Employer") in July 2014. For approximately five weeks from September 19, 2014 to October 25, 2014, Employee worked primarily for another company driving shuttle vans, but he also worked on weekends during this period for Employer. Thereafter, he returned to full-time work with Employer. He claims he began experiencing severe headaches and respiratory problems, including frequently recurring sinus infections, as a result of inhaling mold in the shuttle vehicles he operated for Employer.

In an affidavit filed in support of his Request for Expedited Hearing, Employee stated that at the end of 2014 and in January 2015, he began having upper respiratory symptoms "from mold in the vehicles at work." In February 2015, Employee was diagnosed with asthma and was prescribed inhalers by providers at the Tennessee Department of Health ("Health Department") in Clarksville where he was seen with a complaint of shortness of breath. At a subsequent visit to the Health Department on March 30, 2015, he complained of shortness of breath and a "sinus infection" for three weeks. On April 25, 2015, he sought emergency care at Gateway Medical Center ("Gateway") due to complaints of "chest pain [and] shortness of breath." The Gateway report states that the "[m]ost likely cause of his pain is pneumonia," and that he "does have cardiac risk factors and I cannot exclude a cardiac source for his pain." Employee testified that soon after his treatment at Gateway "my fears set in and I started my own investigation in private."

Employee testified that on June 25, 2015, he "sought help from my immediate supervisor Tim Hembree," telling him that he "required medical treatment with a workers' compensation doctor." According to Employee, "I brought to his attention evidence of mold in a petri tray and – in petri trays and results that I had from my investigation on the vehicle that I was hired to work in." Employer completed a First Report of Work Injury on the same date, which described how the "injury" occurred as follows: "[Employee] came to the supervisor with mold samples that he got from the vans that is causing [Employee] an allergic reaction to sinus area."

Employer provided a panel of physicians on June 25, 2015, and Employee was seen the following day by Dr. Giriprasadarao Korivi, whom Employee selected from the panel. The history of present illness in Dr. Korivi's June 26, 2015 report states that Employee "has had recurrent 'sinus problems' [and] sinus infections off and on," and notes that Employee "feels fine when he is not working." The report states that Employee "says it is an indoor air quality issue at work and is causing his allergies and repeated sinus infections." Employee was diagnosed at the June 26, 2015 visit with "[a]llergic rhinitis, cause unspecified." The assessment states "[w]orker in work-related

2

accident," and includes an "allergy & immunology referral." Employee was released to work, but was instructed to "[a]void allergen exposure."

Employer offered a panel of allergists on July 2, 2015, from which Employee chose Dr. John Overholt. Before Employee could see Dr. Overholt, Employer denied the claim on July 7, 2015, stating in a letter to Employee that his claim was not compensable due to a "[l]ack of [i]njury as defined by [Tennessee Code Annotated] Section 50-6-301."

Employee filed a Petition for Benefit Determination requesting medical and temporary disability benefits. Following unsuccessful mediation, Employee requested an expedited hearing, which was conducted on November 10, 2015. The trial court determined that Employee presented sufficient evidence "from which this Court concludes that he is likely to prevail at a hearing on the merits regarding the sufficiency of notice." Additionally, the trial court found that although Employee did not establish by a preponderance of the evidence that his condition was work-related, he met the lesser standard of proof required in an expedited hearing for medical benefits to be initiated prior to trial. The court ordered Employer to provide an evaluation by Dr. Overholt, the allergist Employee selected from the Employer-provided panel. Employer timely filed a notice of appeal questioning (1) whether the evidence preponderates against the trial court's determination that Employee gave timely notice of his alleged occupational disease, and (2) whether the evidence preponderates against the trial court's conclusion that Employee is entitled to medical benefits.[1]

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;

---

[1] In the Expedited Hearing Notice of Appeal, Employer also asserts that the "granting of benefits in [an] expedited hearing violates due process." However, Employer does not mention this issue in its brief on appeal. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Consistent with this settled principle, we deem this issue waived in this interlocutory appeal.

(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;

(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

In its expedited hearing order, the trial court noted Employer's contention that Tennessee Code Annotated section 50-6-301 "dictates the non-compensability of [Employee's] claim because [Employee] cannot show that a causal link exists between his work and the injury." While agreeing with Employer that "a definitive opinion on causation has yet to be rendered," the trial court correctly noted that the Workers' Compensation Reform Act of 2013 "repealed section 50-6-301 in its entirety as of July 1, 2014." Although this section remains in effect as to injuries occurring prior to July 1, 2014, it is not applicable to injuries occurring on or after July 1, 2014.

The trial court relied on Tennessee Code Annotated section 50-6-201(b)(1) (2014) in its analysis of the notice issue, which provides as follows:

> In those cases where the injuries occur as the result of gradual or cumulative events or trauma, then the injured employee . . . shall provide notice of the injury to the employer within thirty (30) days after the employee . . . [k]nows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment.

In its brief on appeal, Employer likewise focuses on section 50-6-201 and the reasons supporting its position that Employee failed to provide timely notice of his alleged occupational disease. However, neither the parties nor the trial court addressed Tennessee Code Annotated section 50-6-305(a) (2015), which specifies the time within which an employee must provide notice of an occupational disease, the type of condition asserted by Employee in this case. That statute states:

> Within thirty (30) days after *the first distinct manifestation* of an occupational disease, the employee, or someone in the employee's behalf, shall give written notice thereof to the employer in the same manner as is provided in the case of a compensable accidental injury.

Tenn. Code Ann. § 50-6-305(a) (2015) (emphasis added).

4

Here, neither the trial court nor the parties addressed when "the first distinct manifestation" of Employee's alleged occupational disease occurred as contemplated by section 50-6-305; rather, the trial court, relying upon section 50-6-201, analyzed the notice requirement based on whether Employee "acted reasonably in waiting until he possessed what he believed to be objective proof, beyond simply his own suspicion, that mold in the work vehicles made him sick." Indeed, as far as this record shows, there is no mention of the occupational disease notice requirement embodied in section 50-6-305. Consequently, the trial court's decision is vacated and the case remanded for a determination of whether Employee provided timely notice of his alleged occupational disease under section 50-6-305.

Before concluding, we note that the trial court stated Employee "has a right to a causation opinion to determine whether his injury is work-related." We respectfully disagree. While an injured worker who meets the applicable statutory requirements is entitled to medical benefits, there is no "right to a causation opinion" as such. *See generally* Tenn. Code Ann. § 50-6-204(d)(9), (g)(2)(B) (2015). If a trial court determines that medical benefits are appropriate, the court can order the initiation of such benefits. However, it is the parties' responsibility to secure expert opinions or other evidence necessary to address any applicable burden of proof. Nevertheless, in light of our resolution of the notice issue, it is unnecessary for us to reach the merits of Employer's issue concerning whether the evidence preponderates against the trial court's conclusion that Employee is entitled to medical benefits.

## Conclusion

For the foregoing reasons, the trial court's decision is vacated and the case is remanded.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**


**FILED**

**January 4, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:35 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Ronald Pool | ) | Docket No.  2015-06-0510 |
| | ) | |
| v. | ) | |
| | ) | State File No.  48782-2015 |
| Jarmon D&Q Transport | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 4th day of January, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Ronald Pool** | | X | | | X | Ronaldleepool@aol.com |
| **Duane Willis** | | | | | X | Dwillis@morganakins.com |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov